The opinion of the court was delivered by
Parlance, J.
The transcript in this cause was filed in this court •on October 25, 1893. On the same day the defendants and appellees filed a motion to dismiss the appeal for the reasons that the return day was not fixed according to law; that the case was tried in ample time for appeal to this court in October, 1892, and that the return day was illegally fixed at the suggestion of the plaintiff and appellant ; that the transcript is defective for want of copies of the appeal bond, and other papers, and that the certificate to the transcript is not in due form. The motion to dismiss has'not been submitted, and •on this day the appellant has moved for a continuance of this cause, *1221 and that the lower court be ordered to send up a correct and complete transcipt by the next term of this court. The appellant does-not even allege that he is not in fault.
Under Art. 898 of the Code of Practice, in which have been embodied acts for the relief of appellants in cases of diminution of the record, this court will grant relief only from the effects of such mistakes, omissions and similar irregularities as arise without fault on the part of the appellant.
More than a year has elapsed since the rendition of the judgment-in the lower court. A term of this court,' other than the present term, has been held since then. The transcript was not filed in this court until the third day of the present term. The transcript is grossly defective. In fact, it is no transcript. Under the circumstances of this case, we hold that the appellant is not entitled to the-relief he asks, and his motion for a continuance and for an order to the lower court to send up a correct and complete transcript, is overruled and refused.
On Motion to Dismiss the Appeal.
The defendants and appellees have moved to dismiss the appeal in this cause. The transcript is grossly defective. It contains neither order of appeal nor appeal bond.
It is therefore ordered that the appeal be dismissed at the costs of plaintiff and appellant.